**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 MAY 12  PM 1: 17

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff** | | CLERK'S OFFICE |
| | | AT BALTIMORE |
| **v.** | : | **Civil Action No.** |
| | | BY_____DEPUTY |
| **$98,296.59 in U.S. CURRENCY,** | : | RDB 14- 1559 |
| **Defendant** | | |

: : : : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United

States Attorney for the District of Maryland, and Evan T. Shea, Assistant United States Attorney,

brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the

Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.        This is a civil forfeiture action against U.S. currency that constitutes funds

involved in violations of 31 U.S.C. § 5324(a) that are subject to forfeiture pursuant to 31 U.S.C.

§ 5317(c)(2).

### THE DEFENDANTS IN REM

2.        The defendant property consists of **$98,296.59** in U.S. Currency (hereinafter, the

"Defendant Property").

3.        · The Defendant Property consists of the following funds that were seized on April

22, 2014:

      a.   $39,818.65 from Bank of America account number ********7561 held in

          the name of "Mexican Motors, Inc."

      b.   $36,890.00 from Bank of America account number ********3580 held in

          the name of "Genaro M. Guzman and Mariana Guzman."

    c.      $21,587.94 from Bank of America account number ********6810 held in

the name of "Genero M. Guzman DBA Ameri-Mex Auto Sales" and

4.      Since seizure, the Defendant Property has been and presently is in the custody of

the U.S. Department of Treasury.

## JURISDICTION AND VENUE

5.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the

Defendant Property. This Court has jurisdiction over an action commenced by the United States

under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this

particular action under 31 U.S.C. 5317(c)(2) and 18 U.S.C. § 981.

6.      This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C.

§ 1355(b). Upon filing this complaint, the Plaintiff requests that the Court issue an arrest warrant

*in rem* pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(B), which the plaintiff will

execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplement Rule G(3)(C).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the

acts and omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C.

§ 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

8.      The Defendant Property is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2)

because it was involved in violations of 31 U.S.C. § 5324(a)(3) which makes it an offense to

structure currency transactions with a domestic financial institution for the purpose of evading

the reporting requirements of 31 U.S.C. § 5313, and the regulations promulgated thereunder, and

because it was involved in violations 31 U.S.C. § 5324(a)(1) which makes it an offense to cause

a domestic financial institution to fail to file a report required under 31 U.S.C. § 5313 and the regulations promulgated thereunder.

9.        To the extent it is necessary to do so, Plaintiff intends to rely on the provisions of 18 U.S.C. § 984 to establish that the Defendant Property is the property involved in the violations of 31 U.S.C. § 5324 described in the attached affidavit.

10.       The Plaintiff specifically alleges that the conduct that gives rise to the forfeiture of the Defendant Property continued through April 22, 2014, the date of the seizure of the Defendant Property.

## FACTS

10.       The forfeiture is based upon, but not limited to, the evidence outlined in the attached affidavit of Task Force Officer John Matzerath of the Internal Revenue Service, which is incorporated herein by reference.

**WHEREFORE**, the plaintiff prays as follows:

1.   That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2.   That a Warrant of Arrest *in rem* issue to the Department of Treasury commanding the arrest of the Defendant Property;

3.   That Judgment of Forfeiture be decreed against the Defendant Property;

4.   That upon Final Decree of Forfeiture, the Department of Treasury dispose of the Defendant Property according to law; and

5.   That the plaintiff has such other and further relief as the case may require.

3

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

5/12/14
Date

Evan T. Shea
Assistant United States Attorney
36 S. Charles Street
Fourth floor
Baltimore, Maryland 21201
Telephone (410) 209-4800

## **VERIFICATION**

I, Evan T. Shea, declare under penalty of perjury as provided by 28 U.S.C. § 1746,

that the foregoing Verified Complaint for Forfeiture is based on reports and information

furnished to me by the Internal Revenue Service and that everything contained therein is true and

correct to the best of my knowledge and belief.

5/12/14
Date

Evan T. Shea
Assistant United States Attorney

5

14-0966TJS - 14-0968TJS

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, John Matzerath ("your affiant"), a Federal Task Force Officer ("TFO") for the Internal Revenue Service, Criminal Investigation Division ("IRS-CID"), being duly sworn, depose and state:

### BACKGROUND

1.      Your affiant is a Federal TFO with IRS-CID and has served in that capacity since October of 2010.  Your affiant's official responsibilities include conducting investigations of possible criminal violations of the Bank Secrecy Act (Title 31, United States Code), the Money Laundering Control Act (Title 18, United States Code), and other related offenses.  I am empowered by law to investigate and to execute search and seizure warrants, as well as make arrests, for offenses involving the structuring of currency deposits to evade the reporting requirements outlined in Title 31 of the United States Code.

2.      While performing my duties as a TFO with IRS-CID, your affiant has participated in several investigations involving violations of Title 31 and Title 18 of the United States Code. Your affiant has participated in executing several search and seizure warrants related to these types of investigations.  Your affiant has successfully completed several training seminars conducted by the Department of the Treasury, the Internal Revenue Service, and the Department of Justice.  The training included courses in criminal law, criminal investigative techniques, search and seizure warrants, financial investigative techniques, accounting, and tax.  In my current assignment as a TFO with IRS-CID, your affiant has developed expertise in the review and analysis of financial information, including the analysis of bank records.

3.      Prior to being detailed as a TFO with IRS-CID, your affiant has been a member of the Baltimore Police Department since May 1995.  Your affiant was assigned to the Criminal

1

Investigation Division in January 2000. Your affiant was assigned to the Department's Asset Forfeiture Unit in February 2002. As a detective in the Asset Forfeiture Unit, your affiant conducted many proactive asset forfeiture investigations on individuals and businesses involved in narcotics distribution. Your affiant has authored and executed numerous state-issued search and seizure warrants resulting in the recovery of U.S. currency, illegal narcotics, weapons, vehicles, and real property.

4.     Unless otherwise stated, the information in this affidavit is either personally known to your affiant or has been provided to your affiant by other law enforcement officers and/or is based on a review of various documents and records as more particularly described herein.

## OBJECTIVE

5.     This affidavit is submitted in support of the Applications made by the United States of America for Seizure Warrants authorizing the seizure of United States currency from the following bank accounts[1]:

a.  $65,422 contained in Bank of America ("BOA") account number 003933697561 held in the name of "MEXICAN MOTORS, INC."

b.  $352,292 contained in BOA account number 004770966810 held in the name of "GENARO M. GUZMAN DBA AMERI-MEX AUTO SALES",

c.  $36,890 contained in BOA account number 004772993580 held in the name of "GENARO M. GUZMAN AND MARIANA GUZMAN."

For the reasons stated herein, there is probable cause to believe that such monies are subject to seizure and forfeiture to the United States pursuant to 31 U.S.C. § 5317(c)(1) and (2), on the

---

[1] See "Applicable Forfeiture Principles" section, paragraphs 23-31, for a further explanation of the seizure amount being requested.

grounds that they constitute property involved in or traceable to cash deposits structured to avoid currency reporting requirements in violation of 31 U.S.C. § 5324 (a)(1) and (3). Moreover, there is probable cause to believe that the funds in the specified bank accounts are subject to criminal forfeiture pursuant to 31 U.S.C. § 5317(c)(1) because they have the same value as funds that were involved in violations of the above-referenced currency structuring statutes, and thus may be seized pursuant to 21 U.S.C. § 853(f) and forfeited as substitute assets pursuant to 21 U.S.C. § 853(p).

## CURRENCY TRANSACTION REPORTS AND STRUCTURING

6.      Title 31, U.S.C. § 5313 and 31 C.F.R. § 1010 of the Bank Secrecy Act ("BSA") require any financial institution that engages with a customer in a currency transaction (i.e., a deposit or withdrawal) in excess of $10,000 to report the transaction to the Internal Revenue Service on the Department of the Treasury's FinCEN Form 104, Currency Transaction Report ("CTR"). These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are by, or on behalf of, the same person, and they result in currency either received or disbursed by the financial institution totaling more than $10,000 during any one business day.

7.      CTRs are often used by law enforcement to uncover a wide variety of illegal activities including narcotics trafficking, money laundering, and tax evasion. Many individuals involved in these illegal activities are aware of such reporting requirements and take active steps to attempt to cause financial institutions to fail to file CTRs. These active steps are often referred to as "smurfing" or "structuring."

8.      As explained by the Fourth Circuit Court of Appeals in *United States v. Peterson*, 607 F.3d 975 (4th Cir. 2010), structuring can take several forms. Making multiple deposits of $10,000 or less into the same bank on the same day, with the total exceeding $10,000, is called

3

"imperfect structuring" because the bank's obligation to file a CTR is triggered notwithstanding the customer's intent to evade it. Making multiple deposits into *different* banks on the same day, with no one deposit exceeding $10,000, but with the total being in excess of that amount, is called "perfect structuring" because no one bank has a duty to file a CTR. Imperfect structuring is a violation of 31 U.S.C. § 5324(a)(1), and perfect structuring is a violation of 31 U.S.C. § 5324(a)(3). *Peterson,* 607 F.3d at 981.

9.      Not all structuring offenses involve breaking up sums in excess of $10,000 into smaller amounts on a single day. To the contrary, under 31 C.F.R. 1010.100(xx) a person may commit "serial structuring" if he or she deposits or withdraws $10,000 or less each day over a period of several days (or longer) with the intent to evade the reporting requirement. Serial structuring is a violation of 31 U.S.C. § 5324(a)(3). *Peterson,* 607 F.3d at 979. *See United States v. Van Allen,* 524 F.3d 814, 820-21 (7th Cir. 2008).

10.     To prove a violation of Section 5324(a), the Government is required to prove only that a currency transaction or series of currency transactions exceeding $10,000 was structured within the meaning of 31 C.F.R. 1010.100(xx), and that the person conducting the transaction intended to evade the currency reporting requirement. It is not necessary to show that the person knew that structuring was illegal. *United States v. Ismail,* 97 F.3d 50, 56 (4th Cir. 1996).

## FACTS SUPPORTING PROBABLE CAUSE THAT STRUCTURING VIOLATIONS OCCURRED

11.     GENARO GUZMAN ("GUZMAN") and JAMES S. GUZMAN are the owners/operators of MEXICAN MOTORS, INC. ("MEXICAN MOTORS"), a used car dealership located at 7421A Washington Boulevard, Elkridge, Maryland 21227. MEXICAN MOTORS originally filed Articles of Incorporation in the State of Maryland on December 12,

4

1997. Articles of Amendment were filed on March 24, 2010 listing GUZMAN and JAMES S. GUZMAN as corporate directors.

12. GUZMAN is also the owner/operator of AMERI-MEX AUTO SALES ("AMERI-MEX AUTO"), another used car dealership. On May 1, 2000, AMERI-MEX AUTO filed a Certificate of Ownership for an Unincorporated Business with the State of Texas in El Paso County. On the Certificate of Ownership, GUZMAN is listed as the owner of the business and the business's address is listed as 7989 Alameda Avenue, El Paso, Texas.

13. Records maintained by BOA reveal that account number 003933697561 is a business advantage checking account held in the name of "MEXICAN MOTORS INC." The account was opened on April 4, 1999. GUZMAN is the sole signature authority on the account. The address associated with the account is P.O. Box 463, Rockville, Maryland 20848.

14. BOA records further indicate that account number 004770966810 is a business economy checking account held in the name of "GENARO M. GUZMAN DBA AMERI-MEX AUTO SALES." The account was opened on June 8, 2000. GUZMAN and another individual are the sole signatories on the account. The address associated with the account is also P.O. Box 463, Rockville, Maryland 20848, even though AMERI-MEX AUTO is located in El Paso, Texas.

15. Lastly, BOA account number 004772993580 is a personal checking account held in the name of "GENARO M. GUZMAN AND MARIANA GUZMAN." The account was opened on January 31, 2000. GUZMAN and Mariana Guzman are the authorized signors on the account. Mariana Guzman is believed to be GUZMAN's wife. The address associated with the account is 4817 Flanders Avenue, Kensington, Maryland 20895, which is believed to be GUZMAN's personal residence.

16. From January 4, 2013 through November 19, 2013, a total of 249 individual currency deposits totaling $906,454 were made into BOA account numbers 003933697561,

004770966810, and 004772993580 (hereinafter referred to as "GUZMAN's accounts"). Based on the information outlined in this affidavit, as well as my knowledge, training, and experience, it is your affiant's belief that the cash deposited into GUZMAN's accounts was acquired in amounts exceeding $10,000 and broken up into separate deposits in amounts less than $10,001, or was deposited in a series of transactions in amounts less than $10,001, in an attempt to evade triggering the CTR reporting requirement. Attachment A is a schedule of the cash deposits made during this period of time and clearly shows the structured manner in which the deposits were made.

17.    Attachment A reflects instances where cash was repeatedly deposited in amounts just below the CTR reporting requirement threshold (i.e. between $7,000 and $10,000). In fact, of the 249 individual currency deposits that were made, none exceeded the $10,000 CTR reporting requirement threshold. As mentioned in paragraph 9, such activity is often referred to as "serial structuring" and is a violation of 31 U.S.C. § 5324(a)(3), because by consistently keeping cash deposits just below the CTR reporting requirement of $10,001, and not depositing more than $10,000 in any one banking day, the bank did not have a duty to file any CTRs. Taking such steps demonstrates knowledge of the $10,000 reporting requirement threshold and a concerted effort to keep cash deposits just below that amount.

18.    There were 5 separate dates on which more than $10,000 in cash was deposited on the same day via multiple deposits each under $10,001. On each of these dates, the same-day cash deposits were conducted in the same geographic area. For example, on Monday, August 26, 2013, at 9:20a.m., a $9,010 cash deposit was made into AMERI-MEX AUTO's business account (number x6810) at a BOA branch located in Waterloo, Maryland. A little over an hour later, at 10:41a.m., another cash deposit in the amount of $9,502 was made into the same

business account, again at BOA's Waterloo, Maryland branch[2]. BOA filed a CTR on this date because the total amount of cash deposited that day ($18,512) exceeded the $10,000 CTR reporting requirement threshold. This activity is an example of "imperfect structuring" and, as mentioned in paragraph 8, is a violation of 31 U.S.C. § 5324(a)(1) because the bank's obligation to file a CTR is triggered notwithstanding the customer's intent to evade it.

19.    On 25 other occasions, cash deposits were made on consecutive days in amounts under $10,001 when treated individually but exceeded the $10,000 threshold when aggregated. On each occasion, the consecutive-day cash deposits were conducted in the same geographic area. For instance, on Monday, February 11, 2013, at 12:15p.m., a $9,500 cash deposit was made into AMERI-MEX AUTO's business account (number x6810) at BOA's Waterloo, Maryland branch. Less than 24 hours later, at 9:47a.m. on Tuesday, February 12, 2013, another cash deposit in the amount of $5,000 was made into the same business account, again at BOA's Waterloo, Maryland branch. This activity is an example of "perfect structuring" and is a violation of 31 U.S.C. § 5324(a)(3) because while a total of $14,500 was deposited during the two-day period, no more than $9,500 was deposited in any one banking day, thus the bank did not have a duty to file a CTR.

20.    Based on my knowledge, training, and experience, I know that when individuals conduct multiple cash deposits within such a short period of time (e.g. on the same day or on consecutive days), this activity suggests that the cash was acquired in amounts exceeding

---

[2] Through my training and experience, I know that many banks offer 24-hour merchant drop boxes into which business owners can deposit cash during non-banking hours. Cash deposits that are made into merchant drop boxes after hours are usually posted to the customer's account on the next business day. While investigation to date has not determined whether the cash being deposited into GUZMAN's accounts was being deposited via a merchant drop box, it is possible that some of the cash deposits that posted on the same day may have actually been conducted on separate dates because the after-hours merchant drop box was used. However, even if the night drop box was being used and some of the same-day cash deposits were actually conducted on different days, the deposits were still conducted within a short period of time which suggests that the cash was acquired in an amount exceeding $10,000 and broken up into separate deposits each less than $10,001.

7

$10,000 and broken up into separate deposits each less than $10,001. I further know that an individual or business with more than $10,000 cash-on-hand would generally have no reason to make two different deposits either on the same day or on consecutive days, instead of making a single deposit at one time.

21.     Based on my knowledge, training, and experience, your affiant would expect that cash generated from MEXICAN MOTORS, which is located in Elkridge, Maryland, would be deposited into MEXICAN MOTORS' business account at branches in Maryland, while the cash generated from AMERI-MEX AUTO, which is located in El Paso, Texas, would be deposited into AMERI-MEX AUTO's business account at branches in or around El Paso, Texas. However, many of the cash deposits made into AMERI-MEX AUTO's account were conducted in Maryland even though the business is located in El Paso, Texas. On a few occasions, multiple cash deposits were conducted in Maryland either on the same day or on consecutive days into both business accounts. This activity suggests that GUZMAN, in an attempt to avoid the filing of CTRs, may have been using his two different business accounts to split up sums of cash greater than $10,000 by making two sub-$10,001 deposits into each account. For instance, on Tuesday, April 2, 2013, at 11:39a.m., a $7,000 cash deposit was made into MEXICAN MOTORS' business account (number x7561) at BOA's Waterloo, Maryland branch. Approximately three hours later, at 2:49p.m., another cash deposit in the amount of $6,000 was made into AMERI-MEX AUTO's business account (number x6810), also at the Waterloo, Maryland branch.

22.     In all, from January 4, 2013 through November 19, 2013, 249 individual cash deposits were made into GUZMAN's accounts totaling $906,454. Of the 249 currency deposits that were made, none exceeded the $10,000 CTR reporting requirement threshold. In addition, there were 30 occasions in which multiple cash deposits totaling over $10,000 were made in the

8

same geographic area on the same day or on consecutive days.   See *United States v. MacPherson*, 424 F.3d 183, 195 (2d Cir. 2005) (the jury may infer defendant's knowledge of the reporting requirement and his intent to evade it from the pattern of his transactions); *United States v. Abdelbary*, ___ Fed. Appx. ___, 2012 WL 5352515 (4th Cir. Oct. 31, 2012) (following *MacPherson*; pattern of structured withdrawals itself is sufficient to support jury's verdict that defendant knew of the reporting requirement and intended to evade it).   In this case, your affiant submits that depositing over $900,000 in 249 sub-$10,001 transactions, with multiple cash deposits often occurring on the same day or on consecutive days, represents powerful circumstantial evidence.

### APPLICABLE FORFEITURE PRINCIPLES

23.     Based on my training and experience, I know that 31 U.S.C. § 5317(c) provides for the civil and criminal forfeiture of "any property involved in a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy."   I also know that the civil forfeiture of such property is governed by the procedures in 18 U.S.C. § 981, and that criminal forfeiture is governed by the procedures in 21 U.S.C. § 853.

24.     In the case of criminal forfeiture, I also know that the Government is entitled to seize and forfeit substitute property if the property directly involved in the structuring offense is no longer available.   *See* 21 U.S.C. § 853(p).   Whereas in the case of civil forfeiture, the Government must trace the property to the underlying offense unless the requirements of the fungible property statute, 18 U.S.C. § 984, are satisfied.

25.     Based on my training and experience, I know that property subject to forfeiture may be seized pursuant to a warrant based on probable cause.   *See* 18 U.S.C. § 981(b); 21 U.S.C. § 853(f).   I am further advised that "probable cause" means simply a reasonable ground for belief

that goes beyond mere suspicion but need not amount to prima facie proof. *United States v. One 1987 Mercedes Benz 300E*, 820 F. Supp. 248, 251-52 (E.D. Va 1993). This standard requires courts to make a practical, common sense decision whether, given all the circumstances, a fair probability exists that the property to be forfeited was involved in or was the subject of a transaction violating section 5324. *See id; see also United States v. Thomas,* 913 F.2d 1111, 1114 (4th Cir. 1990).

26.    Accordingly, to seize the property from the referenced bank accounts in this case for criminal forfeiture, the Government must show that there is probable cause to believe that structuring violations occurred, and that the funds in the accounts are equal in value to the funds involved in the structuring violations so that the funds presently in the accounts may be forfeited as substitute assets. Moreover, to seize the property in the bank accounts for civil forfeiture, the Government must show that there is probable cause to believe that structuring violations occurred, and that the funds presently in the accounts are traceable to the structured funds.

27.    With respect to the tracing requirement, I am advised that for the purpose of establishing probable cause, the Government is not required to strictly trace the funds in the accounts at the time of seizure to the offense giving rise to the forfeiture. Rather, given the volatility in bank accounts, it is sufficient to show that a given sum of forfeitable money was deposited into an account and that the amount to be seized does not exceed that sum. *See United States v. Dupree*, 781 F. Supp. 2d 115, 135 (E.D.N.Y. 2011) (there is probable cause for the seizure of funds in a bank account if there is a showing that the value of the criminal proceeds deposited into the account exceeds the current balance in the account or the amount the Government is seeking to seize; the probable cause affidavit does not have to negate the possibility that legitimate funds have replaced the criminal proceeds; that is an issue for trial). In this case, your affiant submits that based on the evidence set forth in Attachment A, there is

probable cause to believe that within the last year (since May 1, 2013), $65,422 in structured cash deposits were made into BOA account number 003933697561 held in the name "MEXICAN MOTORS, INC.," $352,292 in structured cash deposits were made into BOA account number 004770966810 held in the name of "GENARO M. GUZMAN DBA AMERI-MEX AUTO SALES," and $36,890 in structured cash deposits were made into BOA account number 004772993580 held in the name of "GENARO M. GUZMAN AND MARIANA GUZMAN." Therefore, I have probable cause to believe that the funds now in the accounts are traceable to the property involved in structuring offenses in violation of Section 5324(a)(1) and (3) and are subject to civil forfeiture pursuant to Section 5317(c)(2).

28.    I am further advised that pursuant to 18 U.S.C. § 984, currency in a bank account is considered fungible for one year from the date of the offense. Accordingly, even if the Government were required to establish strict tracing of forfeitable funds to a bank account to satisfy the probable cause requirement for civil forfeiture, any volatility in the bank account within one year of the execution of the seizure warrant may be disregarded. *See United States v. $79,650 Seized from ...Afework,* 2009 WL 331294, at *3 (E.D. Va. Feb. 9, 2009) (§ 984 "loosens the burden on the Government to 'trace' forfeitable property" if the property is fungible property found in the same place or account as the directly forfeitable property, and the action is commenced within one year).

29.    Moreover, to the extent that any or all of the funds directly traceable to the property involved in the structuring offenses have become unavailable, the Government is entitled to criminally forfeit substitute assets up to the value of the missing property. Accordingly, even if the funds presently in the referenced account were not traceable to the structuring offenses, they would be subject to seizure and forfeiture as substitute assets in a criminal forfeiture case pursuant to 31 U.S.C. § 5317(c)(1) and 21 U.S.C. § 853(p).

30.     Property subject to civil forfeiture may be seized pursuant to 18 U.S.C. § 981(b), and property subject to criminal forfeiture, including substitute assets, may be seized pursuant to 21 U.S.C. § 853(f).  *See United States v. Martin*, 460 F. Supp. 2d 669, 677 (D. Md. 2006) (substitute assets may be seized pretrial pursuant to section 853(f)).  In cases where the Government is not certain at the time of the seizure if it will pursue civil or criminal forfeiture, courts may issue the seizure warrant under both statutes. *See United States v. Lewis*, 2006 WL 1579855, at *4 (D. Minn. June 1, 2006).

31.     The probable cause showing is the same for Sections 981(b) and 853(f), except that the latter also requires a showing that a restraining order "may not be sufficient to assure the availability of the property for forfeiture."  Based on my training and experience, I know that restraining orders served on banks sometimes fail to preserve the property for forfeiture because the bank representative receiving the restraining order fails to put the necessary safeguards in place to freeze the money in time to prevent the account holder from accessing the funds electronically, or fails to notify the proper personnel as to the existence of the order, or the bank exercises its own right of setoff to satisfy an outstanding debt owed to the bank by the account holder.  In contrast, where electronic funds are concerned, a seizure warrant guarantees that the funds will be in the Government's custody once the warrant is served.  Moreover, I have contacted the bank and know that the current balances in the subject bank accounts are well below the amount reflected in the structured deposits, indicating that a large portion of the forfeitable property has already been taken from the accounts. *See United States v. Dupree*, 2011 WL 1004824, at *12 (E.D.N.Y. Mar. 18, 2011) (the Government may satisfy § 853(f) by showing that some of the criminal proceeds deposited into a bank account have already been depleted because that illustrates that the funds not only could be moved, but that some of them already *have been* moved)."

12

14-0966 TJS — 14-0968 TJS

## CONCLUSION

32.    Wherefore, it is hereby requested that Special Agents and/or Task Force Officers of the Internal Revenue Service be authorized to seize, pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 853(f), $65,422 contained in BOA account number 003933697561 held in the name of "MEXICAN MOTORS, INC.," $352,292 contained in BOA account number 004770966810 held in the name of "GENARO M. GUZMAN DBA AMERI-MEX AUTO SALES," and $36,890 contained in BOA  account number 004772993580 held in the name of "GENARO M. GUZMAN AND MARIANA GUZMAN." Based on the foregoing, your affiant submits that there is probable cause to believe that these funds constitute property involved in or traceable to cash deposits structured to avoid currency reporting requirements in violation of 31 U.S.C. § 5324(a)(1) and (3), or constitute substitute assets, which are subject to forfeiture to the United States pursuant to the provisions of 31 U.S.C. § 5317(c).


_____
John Matzerath
Task Force Officer, IRS-CID



SUBSCRIBED AND SWORN TO BEFORE ME THIS _____22nd_____ day of April, 2014.

_____
Timothy J. Sullivan
United States Magistrate Judge


13

ATTACHMENT A
SCHEDULE OF CASH DEPOSITS
BANK OF AMERICA ("BOA") ACCOUNT NO. 003933697561 "MEXICAN MOTORS, INC."
BANK OF AMERICA ("BOA") ACCOUNT NO. 004770966810 "GENARO M. GUZMAN DBA AMERI-MEX AUTO SALES"
BANK OF AMERICA ("BOA") ACCOUNT NO. 004772993580 "GENARO M. GUZMAN AND MARIANA GUZMAN"
JANUARY 2013 THROUGH NOVEMBER 2013

| DEPOSIT DATE | BANK | ACCOUNT NO. | TIME | BRANCH | CASH DEPOSIT | NOTES |
|---|---|---|---|---|---|---|
| Friday, January 04, 2013 | BOA | 004770966810 | 1:54 PM | Waterloo, MD | $ 3,000.00 | |
| Saturday, January 05, 2013 | BOA | 004770966810 | | Waterloo, MD | 750.00 | |
| Sunday, January 06, 2013 | BOA | 003933697561 | | Waterloo, MD | 5,000.00 | |
| Wednesday, January 09, 2013 | BOA | 004770966810 | 1:36 PM | Lee Trevino, TX | 4,500.00 | |
| Friday, January 11, 2013 | BOA | 004770966810 | 10:55 AM | Waterloo, MD | 2,500.00 | |
| Friday, January 11, 2013 | BOA | 004770966810 | 12:03 PM | Lee Trevino, TX | 1,500.00 | |
| Monday, January 14, 2013 | BOA | 004770966810 | 10:08 AM | Waterloo, MD | 9,000.00 | |
| Monday, January 14, 2013 | BOA | 004770966810 | 10:54 AM | Lee Trevino, TX | 1,500.00 | |
| Tuesday, January 15, 2013 | BOA | 004770966810 | 10:51 AM | Lee Trevino, TX | 800.00 | |
| Tuesday, January 15, 2013 | BOA | 004770966810 | 3:53 PM | Lee Trevino, TX | 4,000.00 | |
| Tuesday, January 15, 2013 | BOA | 004770966810 | 4:32 PM | Trans Mountain, TX | 300.00 | |
| Tuesday, January 15, 2013 | BOA | 004770966810 | 4:44 PM | Viscount, TX | 1,500.00 | |
| Wednesday, January 16, 2013 | BOA | 004770966810 | 10:17 AM | Waterloo, MD | 4,000.00 | |
| Wednesday, January 16, 2013 | BOA | 004770966810 | 2:05 PM | Lee Trevino, TX | 2,000.00 | |
| Friday, January 18, 2013 | BOA | 004770966810 | 9:35 AM | Lee Trevino, TX | 2,000.00 | |
| Friday, January 18, 2013 | BOA | 004770966810 | 10:07 AM | Waterloo, MD | 2,000.00 | |
| Friday, January 18, 2013 | BOA | 003933697561 | 2:02 PM | West Cumming, GA | 350.00 | |
| Sunday, January 20, 2013 | BOA | 004770966810 | | Waterloo, MD | 7,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Monday, January 21, 2013 | BOA | 004770966810 | | Waterloo, MD | 7,500.00 | CONSECUTIVE DAYS, SAME AREA |
| Tuesday, January 22, 2013 | BOA | 004770966810 | 1:13 PM | Lee Trevino, TX | 1,500.00 | |
| Wednesday, January 23, 2013 | BOA | 004770966810 | 11:16 AM | Waterloo, MD | 2,500.00 | |
| Thursday, January 24, 2013 | BOA | 003933697561 | 10:26 AM | Waterloo, MD | 1,600.00 | |
| Thursday, January 24, 2013 | BOA | 004770966810 | 1:52 PM | Lee Trevino, TX | 1,100.00 | |
| Friday, January 25, 2013 | BOA | 004770966810 | NO COPY | NO COPY AVAILABLE | 3,500.00 | |
| Sunday, January 27, 2013 | BOA | 004772993580 | | Trans Mountain, TX | 20.00 | |
| Monday, January 28, 2013 | BOA | 004770966810 | 10:07 AM | Waterloo, MD | 6,000.00 | |
| Monday, January 28, 2013 | BOA | 004770966810 | 11:39 AM | Lee Trevino, TX | 4,500.00 | CONSECUTIVE DAYS, SAME AREA |
| Monday, January 28, 2013 | BOA | 004770966810 | 12:05 PM | Lee Trevino, TX | 3,900.00 | CONSECUTIVE DAYS, SAME AREA |
| Monday, January 28, 2013 | BOA | 003933697561 | 2:33 PM | Gaithersburg Square, MD | 1,000.00 | |
| Tuesday, January 29, 2013 | BOA | 004770966810 | 9:42 AM | Lee Trevino, TX | 5,500.00 | CONSECUTIVE DAYS, SAME AREA |
| Thursday, January 31, 2013 | BOA | 004770966810 | 1:15 PM | Arundel Mills, MD | 5,000.00 | |
| Friday, February 01, 2013 | BOA | 003933697561 | 3:22 PM | Waterloo, MD | 2,000.00 | |
| Monday, February 04, 2013 | BOA | 004770966810 | 9:19 AM | Lee Trevino, TX | 3,000.00 | |

**ATTACHMENT A**
**SCHEDULE OF CASH DEPOSITS**
BANK OF AMERICA ("BOA") ACCOUNT NO. 003933697561 "MEXICAN MOTORS, INC."
BANK OF AMERICA ("BOA") ACCOUNT NO. 004770966810 "GENARO M. GUZMAN DBA AMERI-MEX AUTO SALES"
BANK OF AMERICA ("BOA") ACCOUNT NO. 004772993580 "GENARO M. GUZMAN AND MARIANA GUZMAN"
JANUARY 2013 THROUGH NOVEMBER 2013

| DEPOSIT DATE | BANK | ACCOUNT NO. | TIME | BRANCH | CASH DEPOSIT | NOTES |
|---|---|---|---|---|---|---|
| Monday, February 04, 2013 | BOA | 003933697561 | 6:22 PM | Waterloo, MD | 3,000.00 | |
| Monday, February 04, 2013 | BOA | 004770966810 | 6:25 PM | Waterloo, MD | 5,000.00 | |
| Tuesday, February 05, 2013 | BOA | 003933697561 | | Waterloo, MD | 2,000.00 | |
| Wednesday, February 06, 2013 | BOA | 004770966810 | | Waterloo, MD | 6,000.00 | |
| Thursday, February 07, 2013 | BOA | 003933697561 | 9:21 AM | Adelphi, MD | 500.00 | |
| Thursday, February 07, 2013 | BOA | 003933697561 | 10:09 AM | Waterloo, MD | 3,000.00 | |
| Thursday, February 07, 2013 | BOA | 004770966810 | 11:28 AM | Lee Trevino, TX | 2,000.00 | |
| Sunday, February 10, 2013 | BOA | 004772993580 | 9:22 AM | Trans Mountain, TX | 2,500.00 | |
| Sunday, February 10, 2013 | BOA | 004770966810 | 10:04 AM | Waterloo, MD | 6,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Monday, February 11, 2013 | BOA | 004770966810 | 11:58 AM | Lee Trevino, TX | 6,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Monday, February 11, 2013 | BOA | 004770966810 | 12:15 PM | Waterloo, MD | 9,500.00 | CONSECUTIVE DAYS, SAME AREA |
| Tuesday, February 12, 2013 | BOA | 004770966810 | 9:35 AM | Lee Trevino, TX | 4,800.00 | CONSECUTIVE DAYS, SAME AREA |
| Tuesday, February 12, 2013 | BOA | 004770966810 | 9:47 AM | Waterloo, MD | 5,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Wednesday, February 13, 2013 | BOA | 004770966810 | 10:58 AM | Waterloo, MD | 2,500.00 | |
| Wednesday, February 13, 2013 | BOA | 004772993580 | | Trans Mountain, TX | 3,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Thursday, February 14, 2013 | BOA | 004770966810 | 9:24 AM | Lee Trevino, TX | 8,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Thursday, February 14, 2013 | BOA | 003933697561 | 2:41 PM | North Silver Spring, MD | 1,065.00 | |
| Friday, February 15, 2013 | BOA | 004770966810 | 1:16 PM | Lee Trevino, TX | 6,000.00 | |
| Saturday, February 16, 2013 | BOA | 004772993580 | | Trans Mountain, TX | 1,000.00 | |
| Sunday, February 17, 2013 | BOA | 004770966810 | 4:00 PM | Waterloo, MD | 4,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Sunday, February 17, 2013 | BOA | 004770966810 | 4:05 PM | Waterloo, MD | 4,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Monday, February 18, 2013 | BOA | 004770966810 | | Waterloo, MD | 4,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Tuesday, February 19, 2013 | BOA | 003933697561 | 1:08 PM | Waterloo, MD | 7,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Tuesday, February 19, 2013 | BOA | 003933697561 | 1:52 PM | Germantown, MD | 1,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Wednesday, February 20, 2013 | BOA | 004770966810 | 10:11 AM | Lee Trevino, TX | 4,000.00 | |
| Wednesday, February 20, 2013 | BOA | 034770966810 | 6:35 PM | Waterloo, MD | 5,100.00 | CONSECUTIVE DAYS, SAME AREA |
| Thursday, February 21, 2013 | BOA | 004770966810 | | Waterloo, MD | 3,020.00 | |
| Friday, February 22, 2013 | BOA | 004770966810 | 10:07 AM | Waterloo, MD | 1,000.00 | |
| Sunday, February 24, 2013 | BOA | 004770966810 | | Waterloo, MD | 8,100.00 | CONSECUTIVE DAYS, SAME AREA |
| Monday, February 25, 2013 | BOA | 003933697561 | 9:16 AM | Highlandtown, MD | 500.00 | SAME DAY, SAME AREA |
| Monday, February 25, 2013 | BOA | 004770966810 | 10:47 AM | Waterloo, MD | 9,000.00 | SAME DAY, SAME AREA |
| Monday, February 25, 2013 | BOA | 003933697561 | 12:18 PM | West Cumming, GA | 350.00 | |
| Monday, February 25, 2013 | BOA | 003933697561 | 3:17 PM | Highlandtown, MD | 895.00 | SAME DAY, SAME AREA |

14-0966 TJS \ 14-0968 TJS

**ATTACHMENT A**
**SCHEDULE OF CASH DEPOSITS**
**BANK OF AMERICA ("BOA") ACCOUNT NO. 003933697561 "MEXICAN MOTORS, INC."**
**BANK OF AMERICA ("BOA") ACCOUNT NO. 004770966810 "GENARO M. GUZMAN DBA AMERI-MEX AUTO SALES"**
**BANK OF AMERICA ("BOA") ACCOUNT NO. 004772993580 "GENARO M. GUZMAN AND MARIANA GUZMAN"**
**JANUARY 2013 THROUGH NOVEMBER 2013**

| DEPOSIT DATE | BANK | ACCOUNT NO. | TIME | BRANCH | CASH DEPOSIT | NOTES |
|---|---|---|---|---|---|---|
| Tuesday, February 26, 2013 | BOA | 004770966810 | 9:36 AM | Lee Trevino, TX | 6,000.00 | |
| Tuesday, February 26, 2013 | BOA | 004772993580 | | Lee Trevino, TX | 400.00 | |
| Friday, March 01, 2013 | BOA | 004770966810 | 10:55 AM | Waterloo, MD | 3,000.00 | |
| Friday, March 01, 2013 | BOA | 004770966810 | 12:09 PM | Lee Trevino, TX | 4,500.00 | |
| Sunday, March 03, 2013 | BOA | 004772993580 | | Trans Mountain, TX | 2,900.00 | CONSECUTIVE DAYS, SAME AREA |
| Sunday, March 03, 2013 | BOA | 004770966810 | | Waterloo, MD | 1,600.00 | |
| Monday, March 04, 2013 | BOA | 004770966810 | 12:13 PM | Lee Trevino, TX | 9,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Monday, March 04, 2013 | BOA | 003933697561 | 1:22 PM | Quince Orchard, MD | 800.00 | |
| Monday, March 04, 2013 | BOA | 003933697561 | 4:14 PM | Waterloo, MD | 5,500.00 | |
| Tuesday, March 05, 2013 | BOA | 004770966810 | 3:37 PM | Lee Trevino, TX | 3,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Wednesday, March 06, 2013 | BOA | 004770966810 | 9:58 AM | Waterloo, MD | 6,000.00 | |
| Monday, March 11, 2013 | BOA | 004770966810 | 2:26 PM | Waterloo, MD | 9,500.00 | CONSECUTIVE DAYS, SAME AREA |
| Tuesday, March 12, 2013 | BOA | 003933697561 | 11:14 AM | Waterloo, MD | 8,500.00 | CONSECUTIVE DAYS, SAME AREA |
| Tuesday, March 12, 2013 | BOA | 004772993580 | 12:15 PM | Lee Trevino, TX | 400.00 | |
| Wednesday, March 13, 2013 | BOA | 004770966810 | 1:00 PM | Waterloo, MD | 2,000.00 | |
| Wednesday, March 13, 2013 | BOA | 003933697561 | 3:20 PM | Arundel Mills, MD | 5,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Thursday, March 14, 2013 | BOA | 004770966810 | 10:11 AM | Lee Trevino, TX | 4,000.00 | |
| Monday, March 18, 2013 | BOA | 004770966810 | 12:57 PM | Waterloo, MD | 4,000.00 | |
| Wednesday, March 20, 2013 | BOA | 003933697561 | 4:27 PM | Loch Raven, MD | 800.00 | |
| Wednesday, March 20, 2013 | BOA | 003933697561 | | West Cumming, GA | 350.00 | |
| Thursday, March 21, 2013 | BOA | 004770966810 | 9:43 AM | Waterloo, MD | 5,000.00 | |
| Thursday, March 21, 2013 | BOA | 004770966810 | 10:05 AM | Waterloo, MD | 4,000.00 | |
| Thursday, March 21, 2013 | BOA | 003933697561 | 1:49 PM | Fells Point, MD | 500.00 | |
| Thursday, March 21, 2013 | BOA | 004772993580 | 4:38 PM | Lee Trevino, TX | 2,000.00 | |
| Friday, March 22, 2013 | BOA | 004770966810 | 9:47 AM | Lee Trevino, TX | 2,600.00 | |
| Friday, March 22, 2013 | BOA | 003933697561 | 3:47 PM | Highlandtown, MD | 500.00 | |
| Monday, March 25, 2013 | BOA | 004770966810 | 10:19 AM | Waterloo, MD | 9,700.00 | |
| Monday, March 25, 2013 | BOA | 004772993580 | 2:36 PM | Lee Trevino, TX | 3,000.00 | |
| Tuesday, March 26, 2013 | BOA | 004770966810 | 10:03 AM | Lee Trevino, TX | 5,000.00 | |
| Wednesday, March 27, 2013 | BOA | 003933697561 | 12:08 PM | Langley Park, MD | 1,000.00 | |
| Thursday, March 28, 2013 | BOA | 004770966810 | 12:29 PM | Waterloo, MD | 5,000.00 | |
| Friday, March 29, 2013 | BOA | 004770966810 | 3:28 PM | Lee Trevino, TX | 6,000.00 | |
| Tuesday, April 02, 2013 | BOA | 003933697561 | 11:39 AM | Waterloo, MD | 7,000.00 | SAME DAY, SAME AREA |

**ATTACHMENT A**
**SCHEDULE OF CASH DEPOSITS**
BANK OF AMERICA ("BOA") ACCOUNT NO. 003933697561 "MEXICAN MOTORS, INC."
BANK OF AMERICA ("BOA") ACCOUNT NO. 004770966810 "GENARO M. GUZMAN DBA AMERI-MEX AUTO SALES"
BANK OF AMERICA ("BOA") ACCOUNT NO. 004772993580 "GENARO M. GUZMAN AND MARIANA GUZMAN"
JANUARY 2013 THROUGH NOVEMBER 2013

| DEPOSIT DATE | BANK | ACCOUNT NO. | TIME | BRANCH | CASH DEPOSIT | NOTES |
|---|---|---|---|---|---|---|
| Tuesday, April 02, 2013 | BOA | 004770966810 | 2:49 PM | Waterloo, MD | 6,000.00 | SAME DAY, SAME AREA |
| Friday, April 05, 2013 | BOA | 003933697561 | 9:11 AM | Rodgers Forge, MD | 500.00 | |
| Friday, April 05, 2013 | BOA | 003933697561 | 12:00 PM | Waterloo, MD | 1,000.00 | |
| Monday, April 08, 2013 | BOA | 004770966810 | 9:20 AM | Lee Trevino, TX | 2,000.00 | |
| Monday, April 08, 2013 | BOA | 003933697561 | 12:13 PM | Waterloo, MD | 5,000.00 | |
| Monday, April 08, 2013 | BOA | 004770966810 | 3:06 PM | Lee Trevino, TX | 3,000.00 | |
| Monday, April 08, 2013 | BOA | 004770966810 | 4:29 PM | Lee Trevino, TX | 1,000.00 | |
| Tuesday, April 09, 2013 | BOA | 004770966810 | 3:45 PM | Waterloo, MD | 2,500.00 | |
| Wednesday, April 10, 2013 | BOA | 004770966810 | 9:25 AM | Lee Trevino, TX | 700.00 | |
| Thursday, April 11, 2013 | BOA | 004770966810 | 4:46 PM | Lee Trevino, TX | 4,000.00 | |
| Sunday, April 14, 2013 | BOA | 004770966810 | | Waterloo, MD | 5,800.00 | |
| Monday, April 15, 2013 | BOA | 003933697561 | 10:27 AM | Waterloo, MD | 3,000.00 | |
| Monday, April 15, 2013 | BOA | 004770966810 | 11:53 AM | Lee Trevino, TX | 5,000.00 | |
| Wednesday, April 17, 2013 | BOA | 003933697561 | 2:55 PM | Waterloo, MD | 4,000.00 | |
| Wednesday, April 17, 2013 | BOA | 004770966810 | 2:56 PM | Waterloo, MD | 3,020.00 | |
| Thursday, April 18, 2013 | BOA | 003933697561 | 2:08 PM | Charles Street, MD | 500.00 | |
| Friday, April 19, 2013 | BOA | 004772993580 | | Lee Trevino, TX | 4,250.00 | |
| Saturday, April 20, 2013 | BOA | 004772993580 | | Lee Trevino, TX | 1,000.00 | |
| Monday, April 22, 2013 | BOA | 004770966810 | 10:55 AM | Waterloo, MD | 9,800.00 | SAME DAY, SAME AREA |
| Monday, April 22, 2013 | BOA | 003933697561 | 1:11 PM | Hightandtown, MD | 500.00 | SAME DAY, SAME AREA |
| Monday, April 22, 2013 | BOA | 004770966810 | 2:01 PM | Lee Trevino, TX | 1,400.00 | |
| Tuesday, April 23, 2013 | BOA | 003933697561 | 11:06 AM | Waterloo, MD | 3,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Tuesday, April 23, 2013 | BOA | 004772993580 | 4:41 PM | Lee Trevino, TX | 300.00 | |
| Wednesday, April 24, 2013 | BOA | 004770966810 | 4:46 PM | Lee Trevino, TX | 9,000.00 | |
| Thursday, April 25, 2013 | BOA | 004770966810 | 10:59 AM | Lee Trevino, TX | 1,000.00 | |
| Sunday, April 28, 2013 | BOA | 004772993580 | 4:00 PM | Trans Mountain, TX | 2,980.00 | |
| Sunday, April 28, 2013 | BOA | 004770966810 | | Waterloo, MD | 5,900.00 | CONSECUTIVE DAYS, SAME AREA |
| Monday, April 29, 2013 | BOA | 004770966810 | 8:07 AM | Waterloo, MD | 4,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Monday, April 29, 2013 | BOA | 004770966810 | 1:59 PM | Waterloo, MD | 4,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Wednesday, May 01, 2013 | BOA | 003933697561 | 11:49 AM | Adolphi, MD | 500.00 | |
| Thursday, May 02, 2013 | BOA | 003933697561 | 9:14 AM | Loch Raven, MD | 500.00 | |
| Thursday, May 02, 2013 | BOA | 004770966810 | 12:54 PM | Waterloo, MD | 7,000.00 | |
| Friday, May 03, 2013 | BOA | 004772993580 | 5:35 PM | Trans Mountain, TX | 1,400.00 | |

14-0966 TJS   14-0966 TJS

**ATTACHMENT A**
**SCHEDULE OF CASH DEPOSITS**
BANK OF AMERICA ("BOA") ACCOUNT NO. 003933697561 "MEXICAN MOTORS, INC."
BANK OF AMERICA ("BOA") ACCOUNT NO. 004770956810 "GENARO M. GUZMAN DBA AMERI-MEX AUTO SALES"
BANK OF AMERICA ("BOA") ACCOUNT NO. 004772993580 "GENARO M. GUZMAN AND MARIANA GUZMAN"
JANUARY 2013 THROUGH NOVEMBER 2013

| DEPOSIT DATE | BANK | ACCOUNT NO. | TIME | BRANCH | CASH DEPOSIT | NOTES |
|---|---|---|---|---|---|---|
| Sunday, May 05, 2013 | BOA | 004772993580 | 9:36 AM | Trans Mountain, TX | 1,800.00 | |
| Sunday, May 05, 2013 | BOA | 004772993580 | | | 1,000.00 | |
| Wednesday, May 08, 2013 | BOA | 004770956810 | 10:10 AM | Waterloo, MD | 8,500.00 | |
| Friday, May 10, 2013 | BOA | 004772993580 | 11:36 AM | Waterloo, MD | 2,900.00 | |
| Friday, May 10, 2013 | BOA | 004772993580 | | El Paso, TX | 1,050.00 | |
| Monday, May 13, 2013 | BOA | 004770956810 | 9:38 AM | El Paso, TX | 3,000.00 | |
| Tuesday, May 14, 2013 | BOA | 004770956810 | 12:43 PM | Waterloo, MD | 3,600.00 | |
| Wednesday, May 15, 2013 | BOA | 004770956810 | 11:42 AM | Waterloo, MD | 4,000.00 | |
| Sunday, May 19, 2013 | BOA | 004772993580 | | El Paso, TX | 20.00 | |
| Monday, May 20, 2013 | BOA | 004770956810 | 9:57 AM | Waterloo, MD | 9,000.00 | |
| Monday, May 20, 2013 | BOA | 004770956810 | 11:48 AM | Lee Trevino, TX | 2,000.00 | |
| Monday, May 20, 2013 | BOA | 003933697561 | 12:05 PM | Highlandtown, MD | 400.00 | |
| Monday, May 20, 2013 | BOA | 004772993580 | | El Paso, TX | 2,000.00 | |
| Tuesday, May 21, 2013 | BOA | 004770956810 | 12:47 PM | Waterloo, MD | 500.00 | |
| Wednesday, May 22, 2013 | BOA | 004770956810 | 11:20 AM | Waterloo, MD | 4,000.00 | |
| Thursday, May 23, 2013 | BOA | 003933697561 | 9:49 AM | Bethesda, MD | 500.00 | |
| Thursday, May 23, 2013 | BOA | 004770956810 | 9:50 AM | Waterloo, MD | 4,600.00 | |
| Thursday, May 23, 2013 | BOA | 004770956810 | 11:05 AM | Lee Trevino, TX | 800.00 | |
| Thursday, May 23, 2013 | BOA | 003933697561 | 1:36 PM | Eastpoint, MD | 400.00 | |
| Saturday, May 25, 2013 | BOA | 004772993580 | 8:27 PM | Trans Mountain, TX | 1,500.00 | |
| Monday, May 27, 2013 | BOA | 004770956810 | 7:53 AM | Waterloo, MD | 4,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Tuesday, May 28, 2013 | BOA | 004770956810 | 11:44 AM | Waterloo, MD | 9,500.00 | CONSECUTIVE DAYS, SAME AREA |
| Thursday, May 30, 2013 | BOA | 003933697561 | 3:47 PM | Loch Raven, MD | 800.00 | |
| Saturday, June 08, 2013 | BOA | 004770956810 | 7:58 AM | Waterloo, MD | 10,000.00 | |
| Saturday, June 08, 2013 | BOA | 004772993580 | 5:37 PM | Trans Mountain, TX | 1,900.00 | |
| Monday, June 17, 2013 | BOA | 004770956810 | 11:00 AM | Waterloo, MD | 9,000.00 | |
| Friday, June 21, 2013 | BOA | 004770956810 | 3:49 PM | Lee Trevino, TX | 5,000.00 | |
| Sunday, June 23, 2013 | BOA | 004770956810 | 5:38 PM | Wheaton, MD | 8,900.00 | |
| Monday, June 24, 2013 | BOA | 004770956810 | 3:34 PM | Waterloo, MD | 1,000.00 | |
| Tuesday, June 25, 2013 | BOA | 004770956810 | 2:05 PM | Waterloo, MD | 6,000.00 | |
| Sunday, June 30, 2013 | BOA | 004772993580 | 9:42 AM | El Paso, TX | 1,200.00 | |
| Sunday, June 30, 2013 | BOA | 004772993580 | 11:30 AM | El Paso, TX | 1,000.00 | |
| Monday, July 01, 2013 | BOA | 004770956810 | 9:29 AM | Waterloo, MD | 8,700.00 | |

14-0966 TiS - 14-0968 TiS

**ATTACHMENT A**

**SCHEDULE OF CASH DEPOSITS**

BANK OF AMERICA ("BOA") ACCOUNT NO. 003933697561 "MEXICAN MOTORS, INC."

BANK OF AMERICA ("BOA") ACCOUNT NO. 004770966810 "GENARO M. GUZMAN DBA AMERI-MEX AUTO SALES"

BANK OF AMERICA ("BOA") ACCOUNT NO. 004772993580 "GENARO M. GUZMAN AND MARIANA GUZMAN"

JANUARY 2013 THROUGH NOVEMBER 2013

| DEPOSIT DATE | BANK | ACCOUNT NO. | TIME | BRANCH | CASH DEPOSIT | NOTES |
|---|---|---|---|---|---|---|
| Monday, July 01, 2013 | BOA | 004770966810 | 12:11 PM | Joe Battle, TX | 1,200.00 | |
| Wednesday, July 03, 2013 | BOA | 003933697561 | 10:37 AM | Silver Spring, MD | 800.00 | |
| Wednesday, July 03, 2013 | BOA | 003933697561 | 5:07 PM | Gaithersburg Sq., MD | 500.00 | |
| Friday, July 05, 2013 | BOA | 004770966810 | 9:15 AM | Waterloo, MD | 9,600.00 | |
| Friday, July 12, 2013 | BOA | 004770966810 | 11:41 AM | Waterloo, MD | 7,000.00 | |
| Sunday, July 14, 2013 | BOA | 004770966810 | 10:03 AM | Waterloo, MD | 4,000.00 | |
| Sunday, July 14, 2013 | BOA | 004772993580 | 12:47 PM | El Paso, TX | 1,200.00 | |
| Sunday, July 14, 2013 | BOA | 004770966810 | 6:13 PM | Rockville, MD | 5,450.00 | |
| Wednesday, July 17, 2013 | BOA | 004770966810 | 10:55 AM | Waterloo, MD | 4,300.00 | |
| Thursday, July 18, 2013 | BOA | 004770966810 | 10:50 AM | Waterloo, MD | 4,000.00 | |
| Sunday, July 21, 2013 | BOA | 004770966810 | 5:05 PM | Waterloo, MD | 4,400.00 | |
| Monday, July 22, 2013 | BOA | 003933697561 | 12:01 PM | Highlandtown, MD | 350.00 | |
| Monday, July 22, 2013 | BOA | 004770966810 | 7:50 PM | Waterloo, MD | 4,010.00 | |
| Tuesday, July 23, 2013 | BOA | 004770966810 | 6:55 PM | Waterloo, MD | 3,000.00 | |
| Wednesday, July 24, 2013 | BOA | 004770966810 | 6:49 PM | Hanover, MD | 3,000.00 | |
| Friday, July 26, 2013 | BOA | 004770966810 | 10:11 AM | Waterloo, MD | 3,000.00 | |
| Sunday, July 28, 2013 | BOA | 004770966810 | 4:12 PM | Bethesda, MD | 6,000.00 | |
| Monday, July 29, 2013 | BOA | 004770966810 | 10:06 AM | Waterloo, MD | 3,750.00 | |
| Monday, July 29, 2013 | BOA | 003933697561 | 4:11 PM | Highlandtown, MD | 200.00 | |
| Tuesday, July 30, 2013 | BOA | 004770966810 | 12:08 PM | Waterloo, MD | 4,000.00 | |
| Tuesday, July 30, 2013 | BOA | 004772993580 | | | 500.00 | |
| Wednesday, July 31, 2013 | BOA | 004770966810 | 10:27 AM | Arundel Mills, MD | 1,500.00 | |
| Friday, August 02, 2013 | BOA | 004770966810 | 11:41 AM | Waterloo, MD | 3,000.00 | |
| Saturday, August 03, 2013 | BOA | 004770966810 | 10:19 AM | Waterloo, MD | 4,000.00 | |
| Sunday, August 04, 2013 | BOA | 004770966810 | 6:22 PM | Rockville, MD | 5,970.00 | |
| Tuesday, August 06, 2013 | BOA | 004770966810 | 10:24 AM | Dobbin Station, MD | 2,000.00 | |
| Thursday, August 08, 2013 | BOA | 003933697561 | 2:47 PM | N. Silver Spring, MD | 900.00 | |
| Monday, August 12, 2013 | BOA | 004770966810 | 7:33 AM | Waterloo, MD | 7,900.00 | |
| Tuesday, August 13, 2013 | BOA | 004772993580 | 7:21 PM | Trans Mountain, TX | 620.00 | |
| Wednesday, August 14, 2013 | BOA | 004770966810 | 12:19 PM | Waterloo, MD | 4,900.00 | |
| Thursday, August 15, 2013 | BOA | 003933697561 | 10:49 AM | Waterloo, MD | 3,400.00 | |
| Thursday, August 15, 2013 | BOA | 004770966810 | 11:30 AM | Lee Trevino, TX | 3,000.00 | |
| Thursday, August 22, 2013 | BOA | 004770966810 | 10:41 AM | Waterloo, MD | 2,400.00 | |

**ATTACHMENT A**
**SCHEDULE OF CASH DEPOSITS**
BANK OF AMERICA ("BOA") ACCOUNT NO. 003933697561 "MEXICAN MOTORS, INC."
BANK OF AMERICA ("BOA") ACCOUNT NO. 004770966810 "GENARO M. GUZMAN DBA AMERI-MEX AUTO SALES"
BANK OF AMERICA ("BOA") ACCOUNT NO. 004772993580 "GENARO M. GUZMAN AND MARIANA GUZMAN"
JANUARY 2013 THROUGH NOVEMBER 2013

| DEPOSIT DATE | BANK | ACCOUNT NO. | TIME | BRANCH | CASH DEPOSIT | NOTES |
|---|---|---|---|---|---|---|
| Friday, August 23, 2013 | BOA | 003933697561 | 3:09 PM | Severna Park, MD | 500.00 | |
| Friday, August 23, 2013 | BOA | 003933697561 | 3:41 PM | Highlandtown, MD | 450.00 | |
| Monday, August 26, 2013 | BOA | 004770966810 | 9:20 AM | Waterloo, MD | 9,010.00 | SAME DAY, SAME AREA |
| Monday, August 26, 2013 | BOA | 004770966810 | 10:41 AM | Waterloo, MD | 9,502.00 | SAME DAY, SAME AREA |
| Tuesday, August 27, 2013 | BOA | 004770966810 | 11:20 AM | Waterloo, MD | 9,500.00 | CONSECUTIVE DAYS, SAME AREA |
| Wednesday, August 28, 2013 | BOA | 004770966810 | 10:56 AM | Waterloo, MD | 3,500.00 | CONSECUTIVE DAYS, SAME AREA |
| Thursday, August 29, 2013 | BOA | 004770966810 | 9:24 AM | Lee Trevino, TX | 1,000.00 | |
| Thursday, August 29, 2013 | BOA | 003933697561 | 10:17 AM | Adelphi, MD | 500.00 | |
| Tuesday, September 03, 2013 | BOA | 004770966810 | 5:54 PM | Waterloo, MD | 1,200.00 | |
| Wednesday, September 04, 2013 | BOA | 004770966810 | 6:31 PM | Waterloo, MD | 900.00 | |
| Friday, September 06, 2013 | BOA | 004772993580 | 6:46 AM | Viscount, TX | 2,800.00 | |
| Sunday, September 08, 2013 | BOA | 004770966810 | 6:13 PM | Rockville, MD | 5,000.00 | |
| Monday, September 09, 2013 | BOA | 003933697561 | 11:06 AM | Waterloo, MD | 5,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Tuesday, September 10, 2013 | BOA | 004770966810 | 10:25 AM | Waterloo, MD | 6,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Wednesday, September 11, 2013 | BOA | 003933697561 | 3:33 PM | Riverdale, MD | 600.00 | |
| Thursday, September 12, 2013 | BOA | 003933697561 | 10:40 AM | Waterloo, MD | 800.00 | |
| Thursday, September 12, 2013 | BOA | 004770966810 | 10:41 AM | Waterloo, MD | 1,900.00 | |
| Monday, September 16, 2013 | BOA | 003933697561 | 11:01 AM | Waterloo, MD | 8,000.00 | SAME DAY, SAME AREA |
| Monday, September 16, 2013 | BOA | 004770966810 | 11:46 AM | Waterloo, MD | 7,000.00 | SAME DAY, SAME AREA |
| Monday, September 16, 2013 | BOA | 003933697561 | | Rockville, MD | 7,000.00 | SAME DAY, SAME AREA |
| Thursday, September 19, 2013 | BOA | 004770966810 | 9:38 AM | Lee Trevino, TX | 5,500.00 | |
| Thursday, September 19, 2013 | BOA | 004770966810 | 12:35 PM | Lee Trevino, TX | 600.00 | |
| Friday, September 20, 2013 | BOA | 003933697561 | 12:23 PM | Highlandtown, MD | 200.00 | |
| Saturday, September 21, 2013 | BOA | 004770966810 | 7:56 AM | Waterloo, MD | 6,700.00 | |
| Monday, September 23, 2013 | BOA | 003933697561 | 10:04 AM | Waterloo, MD | 6,000.00 | |
| Monday, September 23, 2013 | BOA | 004770966810 | 10:36 AM | Dobbin Station, MD | 4,000.00 | |
| Wednesday, September 25, 2013 | BOA | 003933697561 | 10:48 AM | Waterloo, MD | 3,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Wednesday, September 25, 2013 | BOA | 004770966810 | 10:49 AM | Waterloo, MD | 5,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Thursday, September 26, 2013 | BOA | 004770966810 | 11:58 AM | Waterloo, MD | 2,500.00 | CONSECUTIVE DAYS, SAME AREA |
| Thursday, September 26, 2013 | BOA | 003933697561 | 11:59 AM | Waterloo, MD | 2,500.00 | CONSECUTIVE DAYS, SAME AREA |
| Friday, September 27, 2013 | BOA | 004770966810 | 11:54 AM | Waterloo, MD | 5,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Friday, September 27, 2013 | BOA | 003933697561 | 2:01 PM | Silver Spring, MD | 500.00 | CONSECUTIVE DAYS, SAME AREA |
| Monday, September 30, 2013 | BOA | 004770966810 | 12:27 PM | Waterloo, MD | 9,000.00 | |

14-0966TJS - 14-0968TJS

ATTACHMENT A
SCHEDULE OF CASH DEPOSITS
BANK OF AMERICA ("BOA") ACCOUNT NO. 003933697561 "MEXICAN MOTORS, INC."
BANK OF AMERICA ("BOA") ACCOUNT NO. 004770966810 "GENARO M. GUZMAN DBA AMERI-MEX AUTO SALES"
BANK OF AMERICA ("BOA") ACCOUNT NO. 004772993580 "GENARO M. GUZMAN AND MARIANA GUZMAN"
JANUARY 2013 THROUGH NOVEMBER 2013

| DEPOSIT DATE | BANK | ACCOUNT NO. | TIME | BRANCH | CASH DEPOSIT | NOTES |
|---|---|---|---|---|---|---|
| Tuesday, October 01, 2013 | BOA | 003933697561 | 10:33 AM | Severna Park, MD | 952.00 | |
| Wednesday, October 02, 2013 | BOA | 004770966810 | 10:57 AM | Waterloo, MD | 2,700.00 | |
| Thursday, October 03, 2013 | BOA | 004770966810 | 11:14 AM | Waterloo, MD | 4,700.00 | |
| Monday, October 07, 2013 | BOA | 004770966810 | 11:09 AM | Waterloo, MD | 8,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Tuesday, October 08, 2013 | BOA | 004770966810 | 4:20 PM | Waterloo, MD | 4,500.00 | CONSECUTIVE DAYS, SAME AREA |
| Wednesday, October 09, 2013 | BOA | 004770966810 | 11:28 AM | Waterloo, MD | 3,500.00 | |
| Thursday, October 10, 2013 | BOA | 004770966810 | 2:15 PM | Waterloo, MD | 4,500.00 | |
| Monday, October 14, 2013 | BOA | 004770966810 | 9:40 AM | Waterloo, MD | 9,500.00 | |
| Tuesday, October 15, 2013 | BOA | 003933697561 | 1:08 PM | Adelphi, MD | 500.00 | |
| Wednesday, October 16, 2013 | BOA | 004770966810 | 10:15 AM | Waterloo, MD | 5,500.00 | |
| Friday, October 18, 2013 | BOA | 003933697561 | 3:54 AM | Severna Park, MD | 500.00 | |
| Monday, October 21, 2013 | BOA | 004770966810 | 2:42 PM | Waterloo, MD | 9,800.00 | CONSECUTIVE DAYS, SAME AREA |
| Tuesday, October 22, 2013 | BOA | 003933697561 | 10:19 AM | Highlandtown, MD | 300.00 | CONSECUTIVE DAYS, SAME AREA |
| Wednesday, October 23, 2013 | BOA | 003933697561 | 12:12 PM | Waterloo, MD | 7,500.00 | |
| Wednesday, October 23, 2013 | BOA | 003933697561 | 4:28 PM | Padonia, MD | 870.00 | |
| Wednesday, October 30, 2013 | BOA | 003933697561 | 2:34 PM | Arundel Mills, MD | 6,000.00 | |
| Monday, November 18, 2013 | BOA | 004772993580 | 10:08 AM | Waterloo, MD | 9,000.00 | CONSECUTIVE DAYS, SAME AREA |
| Tuesday, November 19, 2013 | BOA | 004772993580 | 11:56 AM | Waterloo, MD | 7,000.00 | CONSECUTIVE DAYS, SAME AREA |

TOTAL CASH DEPOSITS WITHIN THE LAST YEAR (SINCE MAY 1, 2013) --- ACCOUNT NO. x7561  $    65,422.00

TOTAL CASH DEPOSITS WITHIN THE LAST YEAR (SINCE MAY 1, 2013) --- ACCOUNT NO. x6810  $   352,292.00

TOTAL CASH DEPOSITS WITHIN THE LAST YEAR (SINCE MAY 1, 2013) --- ACCOUNT NO. x3580  $    36,890.00

2013 TOTAL  $   906,454.00